IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES BONINI
CLERK

2010 FEB -2 A 10: 17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| DAVID J. KRISTOFERSON<br>3595 Hilliard Station Road<br>Hilliard, Ohio 43026 | : | |
| Plaintiff, | : CASE NO. | 2:10 cv 091 |
| v. | : JUDGE | JUDGE FROST |
| FLIGHTSAFETY INTERNATIONAL INC.<br>625 Hamilton Rd.<br>Columbus, Ohio 43219 | : MAGISTRATE JUDGE | MAGISTRATE JUDGE KING |
| Also serve:<br>c/o Statutory Agent<br>CSC Lawyers Incorporating Service<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215 | : | |
| Defendant. | : **Jury Demand Endorsed Hereon** | |

## COMPLAINT

NOW COMES Plaintiff David J. Kristoferson ("Plaintiff") and proffers this Complaint for damages against Defendant FlightSafety International, Inc. ("Defendant").

### THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio.

2. Defendant is a Corporation doing business in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a flight training facility in Franklin County, Ohio.

## FACTUAL BACKGROUND

5. Plaintiff commenced employment with Defendant on or about August 2, 1999.

6. At all times relevant herein, Plaintiff was employed as a flight instructor by Defendant.

7. Plaintiff is still currently employed by Defendant.

8. Prior to 2009, Plaintiff was able to commute from Texas to Ohio for his employment. Plaintiff commuted from Texas to Ohio in order to perform his job for at least six years prior to 2009.

9. During the time period of August 2, 1999 through October of 2008, Plaintiff has received positive performance evaluations. In fact, Plaintiff was selected as "The Best of the Best" instructor for Defendant's Columbus Center in October of 2008.

10. On or about June 22, 2009 Plaintiff was told that his son would need immediate spinal cord surgery to take place on June 23, 2009.

11. On or about June 25, 2009, Plaintiff contacted Penny Ball, Human Resource Manager, to provide notice of the need to take leave under the Family Medical Leave Act ("FMLA") to care for his son after his spinal cord surgery. Ms. Ball provided Plaintiff with the necessary documents to certify Plaintiff's leave.

12. On or about June 29, 2009 Plaintiff provided Dr. Mark Lee (the surgeon that performed the son's surgery) with the FMLA documents given to Plaintiff by Penny Ball.

13. While Plaintiff was out on leave to care for his son in June of 2009, Plaintiff was contacted several times by employees of Defendant regarding his leave.

14. On or about June 29, 2009, Fabio Miguez, Assistant Center Manager in Columbus, called Plaintiff to say Plaintiff had abandoned his job. Further, Mr. Miguez told Plaintiff that his FMLA certification should have already arrived. Plaintiff responded that he was processing the documents as soon as possible under the circumstances. In reply, Mr. Miguez stated that: Plaintiff was abandoning his job by not providing FMLA paperwork; Plaintiff had let down his program; and that Plaintiff must not care about his fellow employees.

15. On or about June 29, 2009, Lori Hughes, Plaintiff's direct supervisor, sent Plaintiff a text message that Plaintiff had left two clients stranded and that Plaintiff had missed work.

16. On or about July 31, 2009 Plaintiff received a phone call from his family stating that a doctor had determined Plaintiff's mother could pass away at anytime.

17. On or about July 31, 2009 Plaintiff informed Defendant that he would need leave under the FMLA to care for his mother during her final weeks.

18. On or about August 4, 2009, Defendant again told Plaintiff that it was necessary to get his leave certified prior to taking leave.

19. When Plaintiff returned to work following his FMLA leave, Defendant decided to change Plaintiff's work conditions.

20. Defendant put in place new policies that made it near impossible for Plaintiff to continue commuting from Texas as he had done for the past six years. Plaintiff was told that his commuting would not be tolerated anymore.

21. On or about November 4, 2009 Plaintiff received his yearly evaluation from Chip White, Center Manager of Columbus. Mr. White told Plaintiff that he would not be pleased with the contents. Plaintiff's evaluation scores changed drastically from the previous year. In

3

addition to lower scores, the evaluation contained specific comments regarding Plaintiff's leave under the FMLA.

## COUNT I - INTERFERENCE
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT - 29 USCS §§ 2611 et seq.

19.     Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-18 above as if fully rewritten here.

20.     Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2). Plaintiff was employed by Defendant for at least 12 months before June 25, 2009. Plaintiff provided at least 1,250 hours of service during the 12 months preceding June 25, 2009.

21.     Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

22.     Plaintiff's son had a serious medical condition as defined by 29 U.S.C. § 2611(11).

23.     Plaintiff was entitled to leave on June 25, 2009 pursuant 29 U.S.C. § 2612(a)(1)(C). At all times relevant to Plaintiff's leave commencing on June 25, 2009, Plaintiff was providing care to his son.

24.     Plaintiff provided proper notice to Defendant of the need to take leave, as soon as practicable under the situation and circumstances, on June 25, 2009.

25.     Defendant violated 29 USCS §§ 2611 et seq. by interfering with, restraining, and/or denying Plaintiff's right to take leave to care for his son.

26. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, expert witness fees, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II - INTERFERENCE
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT - 29 USCS §§ 2611 et seq.

27. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-26 above as if fully rewritten here.

28. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2). Plaintiff was employed by Defendant for at least 12 months before July 25, 2009. Plaintiff provided at least 1,250 hours of service during the 12 months preceding July 25, 2009.

29. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

30. Plaintiff's mother had a serious medical condition as defined by 29 U.S.C. § 2611(11).

31. Plaintiff was entitled to leave on July 31, 2009 pursuant 29 U.S.C. § 2612(a)(1)(C). At all times relevant to Plaintiff's leave commencing on or about July 31, 2009, Plaintiff was providing care to his mother.

32. Plaintiff provided proper notice to Defendant of the need to take leave, as soon as practicable under the situation and circumstances, on or about July 31, 2009.

33. Defendant violated 29 USCS §§ 2611 et seq. by interfering with, restraining, and/or denying Plaintiff's right to take leave to care for his mother.

34. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, expert witness fees, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT III - RETALIATION
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT - 29 USCS §§ 2611 et seq.

35. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-34 above as if fully rewritten here.

36. Plaintiff was entitled to take leave under the FMLA in 2009.

37. Plaintiff took leave under the FMLA on two separate occasions in 2009.

38. After Plaintiff's leave, Defendant intentionally took adverse employment actions against Plaintiff for taking leave including, but not limited to: poor performance evaluations that affected his ability to get raises; and promotions and changing policy to make attendance for Plaintiff a near impossibility.

39. Defendant violated 29 USCS §§ 2611 et seq. by retaliating against Plaintiff for taking leave under the FMLA in 2009.

40. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, expert witness fees, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees, attorneys' fees and costs, and front pay, in an amount to be determined at trial, and any and all other relief, which this Court deems just and appropriate.

Respectfully submitted,

_____
Robert J. Beggs (0002966)
(*John.Beggs@BeggsCaudill.com*)
Trial Counsel for David Kristoferson
Gregory R. Mansell (0085197)
(*Greg.Mansell@BeggsCaudill.com*)
Co-Counsel for David Kristoferson
BEGGS CAUDILL, LLC
1675 Old Henderson Road
Columbus, Ohio  43220-3644
(614) 360-2044
Fax (614) 448-4544

## **JURY DEMAND**

Plaintiff hereby requests a jury of eight (8) persons to hear all issues so triable.

_____
Robert J. Beggs (0002966)


WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees, attorneys' fees and costs, and front pay, in an amount to be determined at trial, and any and all other relief, which this Court deems just and appropriate.

Respectfully submitted,

_____
Robert J. Beggs (0002966)
(*John.Beggs@BeggsCaudill.com*)
Trial Counsel for David Kristoferson
Gregory R. Mansell (0085197)
(*Greg.Mansell@BeggsCaudill.com*)
Co-Counsel for David Kristoferson
BEGGS CAUDILL, LLC
1675 Old Henderson Road
Columbus, Ohio  43220-3644
(614) 360-2044
Fax (614) 448-4544

## **JURY DEMAND**

Plaintiff hereby requests a jury of eight (8) persons to hear all issues so triable.

_____
Robert J. Beggs (0002966)